James Young, OSB No. 85373
Oregon Law Center
455 S. 4th Street, Ste. 5
PO Box 1098
Coos Bay OR  97420
Telephone:  541/269-2616
Fax: 541/269-1372
jyoung@oregonlawcenterorg

Hope A. Del Carlo, OSB No. 00241
Spencer M. Neal, OSB No. 77286
Oregon Law Center
921 SW Washington St., Suite 516
Portland, OR 97205
Telephone: 503/473-8319
Facsimile: 503/295-0676
hdelcarlo@oregonlawcenterorg
mneal@oregonlawcenter.org


Attorneys for Plaintiffs John Woodworth and Gilda Hodges

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOHN WOODWORTH AND GILDA HODGES;   Plaintiffs,   v.   BANK OF AMERICA, NATIONAL ASSOCIATION, as successor in interest to COUNTRYWIDE BANK, FSB;   Defendant | Case No. 09-3058-CL   FIRST AMENDED COMPLAINT   (Truth in Lending Act)   DEMAND FOR JURY TRIAL |

INTRODUCTION:
1.

This case arises out of a refinanced consumer home loan.  The borrowers, John Woodworth and Gilda Hodges, are a disabled couple living on a fixed income who were convinced to refinance their mortgage with Countrywide several times, each time folding new loan fees and costs into their loan.  At the closing of the most recent loan, the plaintiffs were not

Page 1 -    FIRST AMENDED COMPLAINT

given accurate Truth in Lending disclosures at closing. This First Amended Complaint adds allegations that support rescission under the Truth in Lending Act ("TILA"), and amends the original TILA claim to include the rescission remedy.

## JURISDICTION

2.

This court has jurisdiction of the case by virtue of 15 USC § 1640(e) and 28 USC §§ 1331, 1337.

## PARTIES

3.

The plaintiffs, John Woodworth and Gilda Hodges, are natural persons. Plaintiffs own a home located at 94191 8th St., Gold Beach, Oregon, which is and has been at all times material to this action their principal residence.

4.

Defendant Bank of America, NA, is a national banking association and the successor in interest by merger to Countrywide Bank, FSB, a federally-chartered savings bank.

5.

On information and belief, at all times relevant to this action, Bank of America, NA, and Countrywide Bank, FSB regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, making them creditors under the Truth in Lending Act ("TILA"), 15 USC § 1602(f) and Regulation Z, 12 CFR § 226.2(a)(17).

## FACTUAL ALLEGATIONS:

6.

Plaintiffs signed loan documents obligating them to a refinanced home mortgage funded by Countrywide Bank, FSB, on or about June 28, 2008.

Page 2 -    FIRST AMENDED COMPLAINT

7.

At the closing of plaintiffs' loan, Countrywide Bank, FSB, did not deliver to the plaintiffs accurate, material, complete Truth in Lending disclosures, including but not limited to disclosure of the expiration date of their right to cancel the loan, in a form they could keep.

FIRST CLAIM FOR RELIEF - Truth in Lending Act–Rescission and Disclosure Violations

8.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 7.

9.

Defendant's loan to plaintiffs was a consumer credit transaction subject to the plaintiffs' right of rescission pursuant to TILA, 15 USC § 1635, and Regulation Z, 12 CFR § 226.23.

10.

At the consummation of the refinanced loan transaction, defendant failed to deliver to each of the plaintiffs all correct material disclosures required by TILA, including disclosure of their right to cancel the loan within three days, in violation of 12 CFR § 226.15(b)(5).

11.

Pursuant to 15 USC §1635(a) and 12 CFR § 226.23(a)(3), the plaintiffs had a continuing right to rescind the consolidated transaction for up to three years following the loan's consummation.

12.

On or about May 22, 2009, the plaintiffs rescinded their mortgage under the Truth in Lending Act, 15 USC § 1635, through a rescission demand letter sent by certified mail to defendant Countrywide Bank, FSB, and others.  More than 20 calendar days have passed since the defendant received a copy of plaintiff's notice of rescission.

13.

The defendant has not returned the plaintiffs' moneys, as required by 15 USC § 1635(b) and 12 CFR § 226.23(d)(2).12.

As a result of the aforesaid violations of TILA, pursuant to 15 USC § 1635(a) and 1640(a), defendant is liable to plaintiff for:

A. Return of any money or property given by the plaintiffs to anyone in connection with this transaction, including all loan fees and costs paid in connection with the loan and all payments made by plaintiff, along with other actual damages to be proven at trial.

B. Statutory damages of up to $4,000.00 for each borrower for the disclosure violations, and for violation of TILA's rescission procedures.

C. Reasonable attorney fees and costs.

PRAYER FOR RELIEF:

14.

WHEREFORE, plaintiffs pray for:

1. On their claim for relief under the Truth in Lending Act:

    A. Actual damages in an amount to be proven at trial, together with prejudgment interest;

    B. Statutory damages under TILA of $4000.00 for each plaintiff, totaling $8000.00;

    C. Attorneys fees pursuant to 15 USC § 1640(a)(3);

    D. Reasonable costs of the action.

    E. A court order declaring valid the plaintiffs' exercise of rescission under the Truth in Lending Act, and enjoining the defendant, its agents, and assigns, from foreclosing upon the property secured by the loan

Page 4 -     FIRST AMENDED COMPLAINT

JURY DEMAND:

15.

Plaintiffs hereby demand trial by jury.

DATED this 12th day of October, 2009.

OREGON LAW CENTER

By: *Hope A. Del Carlo*
    Hope A. Del Carlo, OSB No. 00241
    Spencer M. Neal, OSB No. 77286
    Oregon Law Center
    hdelcarlo@oregonlawcenterorg
    mneal@oregonlawcenter.org

 James Young, OSB No. 85373
Oregon Law Center
455 S. 4th Street, Ste. 5
PO Box 1098
Coos Bay OR  97420
Telephone:  541/269-2616
Fax: 541/269-1372
jyoung@oregonlawcenterorg

Of Attorneys for Plaintiffs

Page 5 -     FIRST AMENDED COMPLAINT