IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JOHN WOODWORTH AND GILDA HODGES,

        Plaintiffs,

    v.

BANK OF AMERICA, NATIONAL ASSOCIATION as successor in interest to COUNTRYWIDE BANK, FSB; RECONTRUST COMPANY, NATIONAL ASSOCIATION; and FEDERAL HOME LOAN MORTGAGE CORPORATION, aka FREDDIE MAC,

        Defendants.

Case No. 1:09-cv-03058-CL

**REPORT & RECOMMENDATION**

CLARKE, Magistrate Judge.

    This matter comes before the court on the motion to dismiss (#109) jointly filed by all defendants, and plaintiffs' notice of dismissal (#119). For the reasons stated below, plaintiffs' notice of dismissal should be construed as a request to amend their Third Amended Complaint (#93) and be granted, and defendants' motion to dismiss should be denied as moot.

## BACKGROUND

    Plaintiffs initiated this action on June 24, 2009, by filing a Complaint (#2) naming as defendants Countrywide Bank, FSG ("Countrywide") and its successor in interest Bank of

Page 1 – REPORT & RECOMMENDATION

America, National Association ("B of A") and alleging a single disclosure violation claim under the Truth in Lending Act, 15 U.S.C. § 1635, and Regulation Z, 12 C.F.R. § 226.23, arising out of their mortgage home loan which they refinanced several times through Countrywide. On October 12, 2009, plaintiffs filed a First Amended Complaint ("FAC") (#10) to add a claim for rescission under TILA. On May 27, 2010, the court granted (#26) plaintiffs' motion (#18) for leave to file a Second Amended Complaint ("SAC"). On June 4, 2010, plaintiffs filed their SAC (#28) naming as defendants B of A as successor in interest to Countrywide, ReconTrust Company, National Association ("ReconTrust") and Federal Home Loan Mortgage Corporation aka Freddie Mac ("Freddie Mac"), and alleging claims under TILA, the Fair Housing Act ("FHA"), the Equal Credit Opportunity Act ("ECOA"), and for breach of contract. On April 21, 2011, Judge Panner adopted (#83) this court's recommendation (#78) that defendants' joint motion to dismiss (#32) plaintiffs' SAC be granted in part and denied in part.

On June 20, 2011, plaintiffs filed their Third Amended Complaint ("TAC") (#93), naming as defendants B of A as successor in interest to Countrywide, ReconTrust, and Freddie Mac, and alleging claims for rescission and disclosure violations under TILA, as well as claims under the FHA and for common law fraud. On March 23, 2012, defendants jointly moved to dismiss (#109) plaintiff's claims under the FHA and for common law fraud. After twice obtaining from the court (#115,118) extensions for responding to defendants motion, plaintiffs filed a notice of dismissal (#119) on May 21, 2012, purporting to dismiss their FHA and common law fraud claims pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(1)(A).

## DISCUSSION

Rule 41 provides that a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal "before the opposing party files either an answer or a motion for

summary judgment; or a stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A)(1)-(ii). Rule 41 further allows for voluntary dismissal of actions with judicial consent. FED. R. CIV. P. 41(a)(2). However, Rule 41(a) cannot be used to dismiss individual claims in a complaint:

> "In the specific context of Rule 41(a)(1), we have held that the Rule does not allow for piecemeal dismissals. Instead, withdrawals of individual claims against a given defendant are governed by [Rule] 15, which addresses amendments to pleadings. *See* Ethridge v. Harbor House Restaurant, 861 F.2d 1389 (9th Cir. 1988). As we noted in Ethridge, "a plaintiff may not use Rule 41(a)(1)(i) to dismiss, unilaterally, a single claim from a multi-claim complaint." Id. at 1392. Instead, we agreed with two of our sister circuits that "[Rule] 15(a) is the appropriate mechanism '[w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants.'" Id. (*quoting* 5 J. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 41.06-1, at 41-83 to -84 (1987)) (alteration in original); *see also* Gen. Signal Corp. v. MCI Telecomms. Corp., 66 F.3d 1500, 1513 (9th Cir. 1995) ("[W]e have held that Rule 15, not Rule 41, governs the situation when a party dismisses some, but not all, of its claims." (*citing* Ethridge, 861 F.2d at 1392)); Gronholz v. Sears, Roebuck & Co., 836 F.2d 515, 518 (Fed. Cir. 1987)."

Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 687-88 (9th Cir. 2005). Therefore, plaintiffs' attempt to dismiss their FHA and common law fraud claims pursuant to Rule 41(a)(1)(A) is ineffective.

However, the court may construe plaintiffs' voluntary dismissal of their FHA and common law fraud claims as a request to amend their Third Amended Complaint ("TAC"). *See* Gronholz, 836 F.2d at 518 (construing plaintiff's dismissal of an individual claim as an amendment to the complaint). Amendments pursuant to Rule 15(a) are liberally granted. Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir. 1987) ("Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality") (internal quotations and citations omitted). Plaintiffs have already amended their complaint not once, but twice, and therefore may only amend their complaint with defendants' consent or by leave of the court.

FED. R. CIV. P. 15(a)(1)-(2). In light of defendants' pending motion to dismiss, there is no reason to believe that defendants would object to the court so construing plaintiffs' notice.

On the other hand, the court could construe plaintiffs' Notice (#119) as conceding that the facts underlying their FHA and common law fraud claims are insufficient to state a claim and consenting to defendants' motion to dismiss (#109). To do so would be reasonable, as plaintiffs' Notice was filed on May 21, 2012, the very day on which their response to defendants' motion to dismiss was due. In the alternative, if plaintiffs' notice is not a response to defendants' motion, plaintiffs have failed to oppose defendants' motion to dismiss and may thus be deemed as consenting to its merits.

Whether the court treats plaintiffs' Notice as a motion to amend pursuant to Rule 15 or as a response consenting to defendants' motion to dismiss, the result is largely the same: plaintiffs' FHA and common law fraud claims are eliminated from this action and only plaintiff's TILA claims remain.

## RECOMMENDATION

For the reasons stated above, the court should construe plaintiffs' voluntary dismissal (#119) of their FHA and common law fraud claims as an amendment of their Third Amended Complaint (#93). Thus, the TAC, as amended, contains only claims for disclosure violations and rescission under TILA. Defendants' motion to dismiss (#109) should be denied as moot.

***This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.*** Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge.  ***Objections to this Report and Recommendation, if any, are due by June 11, 2012.  If objections are filed, any response to the objections is due by June 28, 2012.***  See FED. R. CIV. P. 72, 6.

DATED this ___24___ day of May, 2012.

_____
MARK D. CLARKE
United States Magistrate Judge